# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| AMY HILL, as Personal Representative of the Estate of DAVID HILL, deceased, and in AMY HILL's capacity as an Individual,<br><br>        Plaintiff,<br><br>vs.<br><br>MAJESTIC BLUE FISHERIES, LLC, a Delaware Limited Liability Company, and DONGWON INDUSTRIES CO., LTD., a Foreign Corporation incorporated under the laws of Korea,<br><br>        Defendants. | CIVIL CASE NO. 11-00034<br><br>**ORDER** |

This matter was tried to a jury that later returned their verdicts finding Defendant Majestic Blue Fisheries, LLC ("Majestic Blue") liable to the Plaintiff for the wrongful death of Captain David Hill. *See* Special Verdict Forms, ECF Nos. 554-556. On April 6, 2015, consistent with the terms of the jury's verdicts, the court issued a Judgment awarding the Plaintiff a total sum of $3,205,795. *See* Judgment, ECF No. 558. Prejudgment interest[1] was also awarded on the $96,000 awarded by the jury for Captain Hill's pre-death pain and suffering. *Id.* Finally, the Judgment provided for prejudgment and post-judgment interest as prescribed in 28 U.S.C. § 1961(a). *Id.*

Pending before court are the parties' motions which seek to amend and/or correct the Judgment. These motions consist of the following: (1) Majestic Blue's Motion for Credit from Dongwon Industries, Co., Ltd. Settlement and Motion to Compel Settlement Agreement for *In Camera* Review ("Motion for Credit from Dongwon Settlement"), ECF No. 550; (2) Majestic Blue's Rule 59(e) and Rule 60(b) Motion to Amend Judgment to Account for Credit from Dongwon

---

[1] Prejudgment interest on said award was to be computed as commencing on June 14, 2010, through the date of judgment.

Industries, Co., Ltd.'s Settlement with Plaintiff, ECF No. 562 ("Motion to Amend Judgment to Account for Dongwon Settlement"); (3) Plaintiff's Motion to Amend/Correct Judgment, ECF No. 570; and (4) Majestic Blue's Cross-Motion to Amend/Correct the Judgment, ECF NO. 579. Having heard argument from the parties on said motions, the court hereby issues the following Order denying Majestic Blue's Motion for Credit from Dongwon Settlement and Motion to Amend Judgment to Account for Dongwon Settlement, granting Plaintiff's Motion to Amend/Correct Judgment, and granting Majestic Blue's Cross-Motion to Amend/Correct Judgment.

## BACKGROUND

Captain David Hill was employed by Majestic Blue as a seaman serving aboard the F/V Majestic Blue (the "Vessel"). On June 14, 2010, the Vessel sank, and Captain Hill was not among those crewmen rescued nor was he found. The Plaintiff thereafter brought suit against Majestic Blue and Dongwon Industries, Co., Ltd. ("Dongwon"), asserting claims under the Death on the High Seas Act ("DOHSA"), the Jones Act, and general maritime law.

After years of litigation and following the court's finding that Majestic Blue was not eligible to limit its liability,[2] on September 30, 2014, the court met with the parties for a status hearing and thereafter scheduled the jury trial herein to commence on March 30, 2015.

On March 12, 2015, the Plaintiff filed a Notice of Settlement as to Dongwon Only. *See* ECF No. 451. This was followed by a Stipulation of Dismissal with Prejudice as to Dongwon, filed by the Plaintiff on March 26, 2015. *See* ECF No. 526.

On March 30, 2015, jury trial commenced.

On April 6, 2015, the jury returned its special verdicts, finding Majestic Blue liable to the Plaintiff on all claims and awarded damages as follows for three categories of damages:

| | |
|---|---|
| (a) the mental, physical, and/or emotional pain and suffering experienced by Captain Hill as conscious pre-death pain and suffering | $ 96,000.00 |

---

[2] *See* Findings of Fact, ECF No. 212 in *In the Matter of Majestic Blue Fisheries, LLC, as Owner of the F/V Majestic Blue Petitioning for Exoneration from or Limitation of Liability* (hereinafter, the "Limitations Action"), CV 11-00032.

| | |
|---|---|
| (b) the reasonable value of the financial support that Captain Hill would have provided to his family had he lived, including consideration for income taxes that would have ordinarily been paid had Captain Hill lived and reduced by an appropriate percentage representing Captain Hill's personal consumption, discounted to its present value for any future losses | $ 1,678,289.00 |
| (c) the reasonable value of the household services, including nurture and guidance, Captain Hill would have provided to his family had he lived, discounted to its present value for any future losses | $ 1,431,506.00 |

*See* Special Verdict Forms, ECF Nos. 554-556. The jury also did not find any contributory negligence on the part of Captain Hill. *Id.*

In accordance with the jury's verdict, the court issued the Judgment and ordered that Plaintiff recover a total sum of $3,205,795 from Majestic Blue. *See* ECF No. 558. The Judgment awarded prejudgment interest on the $96,000 awarded as conscious pre-death pain and suffering, commencing June 14, 2010, through the date of judgment. The Judgment did not award prejudgment interest for the damages awarded for loss of support and loss of services. Finally, the Judgment provided for prejudgment and post-judgment interest as prescribed in 28 U.S.C. § 1961(a).

**ANALYSIS**

A. <u>Majestic Blue's Motion for Credit from Dongwon Settlement and Motion to Amend Judgment to Account for Dongwon Settlement</u>

On April 3, 2015 – before the jury's verdict – Majestic Blue filed the Motion for Credit from Dongwon Settlement. *See* ECF No. 550. Therein, Majestic Blue requested the court grant it credit from Dongwon's settlement with the Plaintiff and asked the court to compel production of the settlement agreement between the Plaintiff and Dongwon for the court's *in camera* review. After the jury's verdict and the filing of the Judgment, Majestic Blue renewed its earlier request through the filing of the Motion to Amend Judgment to Account for Dongwon Settlement. *See* ECF No. 562. Majestic Blue asserted that "[d]ue to the last minute settlement before trial between the Plaintiff and Dongwon, Majestic [Blue] was not able to develop a case for Dongwon's proportionate share of fault or damages and was unable to present evidence of same during trial." Motion for Credit from Dongwon Settlement at 2, ECF No. 550. Majestic Blue believed the settlement with Dongwon was

significant,[3] and it believed it was entitled to a setoff credit "to prevent the injustice of the Plaintiff receiving double compensation." *Id.*

The Plaintiff asserts that Majestic Blue is not entitled to any credit for her settlement with Dongwon since no other party – not Dongwon nor Captain Hill – was held liable by the jury for any degree of fault. The Plaintiff further argues that any failure by the jury to apportion fault between Majestic Blue and Dongwon was a result of a tactical decision by Majestic Blue to exclude the issue of Dongwon's comparative negligence as an issue at trial. The Plaintiff contends that Majestic Blue is now stuck with the consequence of its failed litigation strategy.

Majestic Blue essentially asks this court to provide for a *pro tanto* approach to address how it should be credited for Dongwon's settlement with the Plaintiff. The court declines to do so since the Supreme Court established that the rule in admiralty cases is to apply the proportionate share approach. *See McDermott, Inc. v. AmClyde and River Don Castings, Ltd.*, 511 U.S. 202 (1994). This approach was also adopted by the Ninth Circuit in *In Re Exxon Valdez*, 229 F.3d 790, 797 (9th Cir. 2000) ("The proportionate share approach is the law in the Ninth Circuit, has been adopted by the Supreme Court for use in maritime actions, and is the approach recommended by the American Law Institute."). Under the proportionate share approach, the amount of the plaintiff's claim against a non-settling defendant is diminished by the proportion of fault attributed to the settling defendant as determined by the jury.

In this case, the jury was never asked to consider the apportionment of fault between Majestic Blue and Dongwon because Majestic Blue did not request this court to ask the jury to make such a determination. In making this finding, the court notes that on March 17, 2015 – five days after Plaintiff had filed a notice of its settlement with Dongwon – Majestic Blue filed Proposed Jury Instruction 22, *see* ECF No. 478, which stated in pertinent part:

///

---

[3] Majestic Blue asserted "Plaintiff and Dongwon signed a settlement agreement for an undisclosed amount under undisclosed terms. Notwithstanding this effort to keep the terms secret, on information and belief Majestic Blue has fair confidence that Dongwon paid between $1,000,000 and $1,900,000 to settle." Majestic Blue's Reply to Plaintiff's Response to Motion for Credit from Dongwon Settlement at 1-2, ECF No. 577.

Apportionment of Responsibility

Majestic Blue claims that the negligence and fault of Dongwon Industries, Co., Ltd., also contributed to Plaintiff's harm. To succeed on this claim, Majestic Blue must prove both of the following:
    1 That Dongwon was negligent or at fault and
    2 That the negligence or fault of Dongwon was a factor in causing Plaintiff's harm.

If you find that the negligence or fault of more than one person, including Dongwon or Plaintiff was a factor, no matter how slight, in causing Plaintiff's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

Majestic Blue also filed a proposed Special Verdict Form. *See* ECF No. 480. Questions 1-9 asked about negligence on the part of Captain Hill which either caused his death or contributed to cause his death. Questions 10-17 dealt with computing damages, if any. The last two questions inquired about Dongwon's involvement and specifically asked:

Question 18: Was Dongwon Industries negligent and at fault for causing or contributing to cause David Hill's death?
    ANSWER: _____ Yes _____ No

If your answer is yes, answer Question 19. If your answer is no, stop here.
Question 19: Expressed as a percent between 0% and 100%, what percent of negligence and fault do you assign to Dongwon Industries for having caused David Hill's death?
    ANSWER: _____ %

On April 2, 2015, the court and the parties went over the court's proposed final instructions and special verdict forms in the morning prior to the testimony of the last witness and then again discussed the instructions and verdict forms immediately after the lunch break. The main disputes centered around (1) the instruction on the burden of proof required for pre-death pain and suffering, and (2) the description of the damages covering loss of financial support and loss of household services. The parties could not reach an agreement on the first issue, so the court made its ruling on the matter, which the court believed was a compromise of the parties' proposals. As for the subject of damages, the parties reached an agreement and submitted their proposed language to the court. With minor modification, the court incorporated the parties' proposal into the final jury instructions and the special verdict forms. Majestic Blue never objected to the fact that the court excluded Majestic Blue's proposed instruction on Apportionment of Responsibility from the final set of jury instructions. Neither did Majestic Blue object when the special verdict forms did not include any

question that would allow the jury to apportion fault between Majestic Blue and Dongwon. It is not enough that Majestic Blue's pretrial filings raised the issue of apportionment of fault; Majestic Blue was required to "object[] to an instruction or the failure to give an instruction . . . on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). Majestic Blue made sure the jury considered any possible contributory negligence by Captain Hill, and it could have similarly insisted comparative fault by Dongwon would be considered as well. Majestic Blue should have submitted the issue of comparative fault to the jury; it did not do so. Having failed to then object or request that the court amend the final jury instructions and special verdict forms, Majestic Blue can not now be heard to complain.

In addition to failing to object at the jury charge conferences on April 2nd, Majestic Blue also had an opportunity to raise this issue before the court read the final jury instructions to the jurors but failed to do so. On April 3, 2015, at about 7:53 a.m. (according to the time stamp on the CM/ECF system), Majestic Blue filed its Motion for Credit from Dongwon Settlement.[4] *See* ECF No. 550. Less than an hour later, at about 8:37 a.m. and just prior to the court reading the final instructions to the jurors, counsel met with the court to discuss the court's proposed instruction that would prevent multiple recovery by the Plaintiff in the event the jury awarded damages. *See* Final Jury Instructions at 26, ECF No. 551. Neither party objected to that specific instruction or any of the final instructions, and thus court asked the court security officer to then bring the jury into the courtroom. Before the jury entered, Majestic Blue's counsel asked if the court was aware of the two pleadings that were filed that morning. The court stated it had not seen the pleadings, and Majestic Blue's counsel assured the court that its filings would not have any significance to the proceedings that morning. The court then proceeded to read the final jury instructions to the jurors. Majestic Blue certainly was aware that it was asking the court to offset any jury award by the settlement reached with Dongwon, but yet again it failed to ask the court for a specific instruction that would require the jury to consider an apportionment of fault between the defendants.

---

[4] Majestic Blue also filed its Objection to Final Instruction Regarding Burden of Proof for Pre-Death Pain and Suffering that morning at about 7:34 a.m. *See* ECF No. 549.

Because Majestic Blue failed to object to the exclusion of the apportionment of fault consideration from the final jury instructions and special verdict forms, the jury did not consider the matter. The jury was only asked to decide whether Captain Hill's negligence contributed to his death, and the jury answered "no." Thus, under the proportionate share approach, the court is unable to offset the jury's award since the jury never apportioned fault to anyone other than Majestic Blue.

The court also finds no merit in Majestic Blue's claim that the "eve-of trial settlement" with Dongwon denied it the "opportunity to develop a case for Dongwon's proportionate share of damages." *See* Majestic Blue's Reply to Plaintiff's Response to Motion for Credit from Dongwon Settlement at 2, ECF No. 577. Plaintiff filed a notice of its settlement with Dongwon on March 12, 2015 – 18 days before trial. This settlement should not have affected Majestic Blue's ability to prepare its case. As noted by the Plaintiff, Dongwon's absence from trial "should have actually greatly benefitted Majestic Blue in its arguments regarding Dongwon's alleged proportion of fault . . . [since] Dongwon was not present to counter them[.]" Plaintiff's Response to Motion for Credit from Dongwon Settlement at 10, ECF No. 563. Majestic Blue, however, made the strategic decision not to pursue this strategy. Following the announcement of the Plaintiff's settlement with Dongwon, Majestic Blue had sufficient time to adjust its case presentation. Majestic Blue could have submitted evidence to the jury with regard to any maintenance and/or manning agreements between itself and Dongwon to the jury. Majestic Blue also could have pointed to specific references in the court's Findings of Fact issued in the Limitations Action that would have allowed the jury to decide who was at fault for providing the crew and the condition of the crew. Majestic Blue did not present any evidence upon which the jury could have apportioned fault between the defendants. If Majestic Blue wanted the jury to consider the fault of a third party, it should have put that party on the verdict form and allow the jury to decide apportionment of fault. Majestic Blue chose to remain silent on this issue – whether by oversight or as a tactical decision – but certainly Majestic Blue did not take advantage of the full opportunity it had to ensure the jury considered any evidence of negligence by Dongwon and apportion fault accordingly.

Finally, Majestic Blue argues that failure to award a dollar-for-dollar or *pro tanto* credit in an amount equal to what Dongwon paid in settlement would violate the "one satisfaction rule" since

Plaintiff would be unjustly enriched by receiving more than the damages determined by the jury. The Supreme Court, however, rejected a similar argument raised by the defendant in *McDermott*. The Supreme Court recognized that even if the proportionate share approach would overcompensate the plaintiff, the Court would not apply the one satisfaction rule. *McDermott*, 511 U.S. at 218. The Supreme Court stated

> [t]he law contains no rigid rule against overcompensation. Several doctrines, such as the collateral benefits rule, recognize that making tortfeasors pay for the damage they cause can be more important than preventing overcompensation. . . . [S]ettlements frequently result in the plaintiff's getting more than he would have been entitled to at trial. Because settlement amounts are based on rough estimates of liability, anticipated savings in litigation costs, and a host of other factors, they will rarely match exactly the amounts a trier of fact would have set. It seems to us that a plaintiff's good fortune in striking a favorable bargain with one defendant gives other defendants no claim to pay less than their proportionate share of the total loss. In fact, one of the virtues of the proportionate share rule is that, unlike the *pro tanto* rule, it does not make a litigating defendant's liability dependent on the amount of a settlement negotiated by others without regard to its interests.

*Id.* at 219-20.

Both the Ninth Circuit and the Supreme Court have endorsed the proportionate share approach because of its superiority in blending fairness to the parties with incentives to settle, and thus the court rejects Majestic Blue's request to apply the *pro tanto* approach. As noted above, Majestic Blue failed to object to the exclusion of the apportionment of fault consideration in the final jury instructions and special verdict forms, so the jury did not consider the matter. Applying the proportionate share approach, the court finds that Majestic Blue is not entitled to a credit from the settlement with Dongwon since the jury never apportioned fault to anyone other than Majestic Blue. Accordingly, Majestic Blue's Motion for Credit from Dongwon Settlement and Motion to Amend Judgment to Account for Dongwon Settlement are denied.[5]

B.    Plaintiff's Motion to Amend/Correct Judgment

The next motion before the court is Plaintiff's request to amend the judgment (1) to include prejudgment interest on all of Plaintiff's damages, specifically the damages representing loss of

---

[5] In light of the court's ruling, Majestic Blue's related request to compel Plaintiff to produce the settlement agreement with Dongwon for *in camera* review is denied as moot.

support and loss of services, and (2) to increase the rate of prejudgment interest beyond the federal post-judgment interest statutory rate. Plaintiff notes that the Judgment omitted prejudgment interest from two of three categories of damages without providing any explanation for the omission. Plaintiff asserts she is entitled to prejudgment interest on all categories of damages as a matter of law unless this court makes a specific determination that "peculiar circumstances" exist to justify withholding prejudgment interest. Additionally, Plaintiff urges the court to assign a higher rate of prejudgment interest, specifically a rate of 6% as allowed under Guam law (18 GUAM CODE ANN. § 47106), than the current statutory rate of 0.25% under 28 U.S.C. § 1961.

Majestic Blue opposes Plaintiff's requests. Majestic Blue argues that Plaintiff is not entitled to prejudgment interest on the two categories of damages because said damages represent future economic losses to which prejudgment interest is inapplicable.[6] Additionally, Majestic Blue contends that Plaintiff waived consideration of prejudgment interest by failing to ask the jury to make a determination as to whether prejudgment interest is applicable and by how much. Finally, if the court determines that prejudgment interest is applicable, Majestic Blue asserts there is no basis for departing from the general rule that prejudgment interest under federal law applies.

The Ninth Circuit has held that "[i]n admiralty, prejudgment interest must be granted unless peculiar circumstances justify its denial; whether the circumstances are sufficient to justify the denial is left to the discretion of the district court." *Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322, 1328 (9th Cir. 1981). The Ninth Circuit has articulated several examples of peculiar circumstances that would justify the denial of prejudgment interest, including "[u]nwarranted delay by counsel, . . . where there was less than actual loss and no proof of deprivation of use, . . . where the parties have excluded prejudgment interest in their stipulation of damages, . . . or where the parties assert claims or defense in bad faith." *Alkmeon Naviera, S.A. v. M/V Marina L*, 633 F.2d 789, 798 (9th Cir. 1980).

---

[6] Although Majestic Blue argues that the prejudgment interest is inapplicable to these category of damages because they represent future losses, the court notes that the Ninth Circuit approved an award of prejudgment interest in *Saavedra v. Korean Air Lines Co.*, 93 F.3d 547 (9th Cir. 1996), on a jury award which included damages awarded for loss of support.

In the case at bar, no peculiar circumstances appear to mandate that Plaintiff receive less than the full value of her loss. Plaintiff filed this action promptly, and any delays caused by the complex nature of this action do not justify a reduction of the Plaintiff's compensation. Accordingly, the court grants the Plaintiff's Motion to Amend Judgment by awarding prejudgment interest on the damages awarded for loss of support and loss of services.

Having so ruled, the court must now decide what rate of prejudgment interest applies. The court is mindful that in a DOHSA action, "recovery . . . shall be a fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought." 46 U.S.C. § 30303 (2006). The Ninth Circuit has held that in admiralty cases "pre-judgment interest is within the discretion of the trial judge," *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984), however, the trial court's "discretion must be exercised with a view to the fact that pre-judgment interest is an element of compensation, not a penalty." *Id.*

While Plaintiff asks the court to depart from the rate set forth in Section 1961[7] and apply a 6% rate as permitted under Guam law,[8] the Ninth Circuit instructs that in admiralty cases,

---

[7] This statute provides that "[i]nterest shall be allowed on any judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Although Section 1961(a) does not speak to prejudgment interest, in *Western Pacific Fisheries,* the Ninth Circuit, held that the same rate should be applied to prejudgment interest "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." 730 F.2d at 1289.

[8] Plaintiff cites to 18 GUAM CODE ANN. § 47106, which provides in its entirety:

> The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the territory, shall be six percent (6%) per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding the rates of interest specified in Title 14 of this Code.

Majestic Blue asserts that Section 47106 only applies to post-judgment interest. The Supreme Court of Guam, however, has recognized that if prejudgment interest is awarded, Guam law supports a 6% interest rate. *See Yoshida v. Guam Transp. & Warehouse, Inc.*, 2013 Guam 5,

Section 1961(a) is "appropriate for fixing the rate for prejudgment interest unless the equities of a particular case demand a different rate." *Columbia Brick Works Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 1071 (9th Cir. 1985). The Ninth Circuit further held "that a court may choose the local rate of interest in its discretion if the equities demand . . ." *Id.*

Having considered the parties' respective positions as articulated in their briefs and at oral argument, the court concludes that Plaintiff's requested prejudgment interest rate of 6% is warranted. The court finds that the current statutory rate of 0.25% is extremely low. Prejudgment interest is awarded as a means of ensuring that the person entitled to judgment several years after a decedent's death will receive the full value of the loss. As noted by Plaintiff, Captain Hill was a husband and father of a young daughter, with another child on the way at the time of his death. He was considered the family's breadwinner, as noted by the substantial amount of damages awarded by the jury. Furthermore, the extraordinarily low federal statutory rate would not wholly compensate the Plaintiff for the approximately five years that lapsed between Captain Hill's death until the entry of Judgment. Based on the equities of this case, the court concludes that the applicable statutory rate of 0.25% would not allow the Plaintiff to recover the DOHSA mandated "fair compensation for the pecuniary loss sustained." Accordingly, the court grants Plaintiff's Motion to Amend and includes prejudgment interest on the damages awarded for loss of support and loss of services at a rate of 6%, commencing on June 14, 2010, through April 6, 2015 (the date of the jury's verdict and issuance of the original Judgment).

C. Majestic Blue's Cross-Motion to Amend Judgment

In the final motion before the court, Majestic Blue requests that the court amend the judgment to delete the prejudgment interest granted on the pre-death pain and suffering award of $96,000. Majestic Blue asserts that since the Jones Act claim was tried before a jury, Plaintiff was required to submit to the jury the amount of prejudgment interest. Here, however, Plaintiff failed to ask the jury to make any determination on the propriety of prejudgment interest, and thus Majestic Blue maintains the Judgment must be amended to rescind the prejudgment interest awarded on the pre-

---

¶84 ("Prejudgment interest thereafter accrues at a rate of 6% per annum on the damages amount determined, beginning on the day the damages become due and owing until judgment.") and *Fid. Enters., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2015 Guam 1, ¶17 n.1.

death pain and suffering award.

In support of its argument, Majestic Blue cites to the case of *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495 (9th Cir. 1995), *abrogated on other grounds by Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009),[9] wherein an injured seaman brought suit against the captain and owner of the vessel under general maritime law and the Jones Act. The jury returned special verdict forms against both the captain and the vessel owner on the claims for unseaworthiness, negligence and maintenance. The trial court declined to award prejudgment interest on the basis that it was a question for the jury which plaintiff waived by failing to request an instruction. The plaintiff appealed, and the Ninth Circuit affirmed the trial court on this issue, following the holding of its sister circuits that where a maritime claim is tried before a jury, the amount of prejudgment interest must be submitted to the jury. *Id.* at 1505.

Plaintiff has not cited to Ninth Circuit law to the contrary. In conformance with Ninth Circuit authority, because Plaintiff failed to present any evidence regarding prejudgment interest, nor did Plaintiff request a jury instruction or objection to the failure to give one, the court grants Majestic Blue's Cross-Motion to Amend Judgment. The court will rescind its previous award of prejudgment interest on the damages awarded for Captain Hill's pre-death pain and suffering.

**CONCLUSION**

Based on the above analysis, the court (1) DENIES Majestic Blue's Motion for Credit from Dongwon Settlement, ECF No. 550; (2) DENIES Majestic Blue's Motion to Amend Judgment to Account for Dongwon Settlement, ECF No. 562; (3) GRANTS Plaintiff's Motion to Amend/Correct Judgment, ECF No. 570; and (4) GRANTS Majestic Blue's Cross-Motion to Amend/Correct the Judgment, ECF NO. 579. The court will issue a separate amended judgment consistent with the terms of its rulings here.

**IT SO ORDERED.**



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jun 30, 2015

---

[9] Majestic Blue also cited to the case of *Kan Int'l., Inc. v. Coastal Tankships U.S.A., Inc.*, 108 F.3d 1385 (9th Cir. 1997), however, this case is an unpublished decision and may not be cited to or by the courts of the Ninth Circuit.